Beth A. Schroeder, Bar No. 119504
BSchroeder@LathropGage.com
Allison S. Wallin, Bar No. 313185
AWallin@LathropGage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California  90067-1623
Telephone:  310.789.4600
Facsimile:   310.789.4601

Attorneys for Defendant
SHAKEY'S USA, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SEAN GORECKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHAKEY'S USA, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  2:17-cv-01296-JFW-PLAx<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>District Judge:  John F. Walter<br>Magistrate Judge:  Paul L. Abrams<br>Complaint Filed:  February 16, 2017 |

Defendant, SHAKEY'S USA, INC ("Defendant") answers the Complaint filed by SEAN GORECKI, ("Plaintiff") as follows:

1. Responding to Paragraph 1, Defendant lacks sufficient information or belief as to any of the characteristics of Plaintiff or people to whom Plaintiff refers, and based thereon, denies the allegations. Except as specifically admitted, Defendant denies the allegations.

2. Responding to Paragraph 2, Defendant denies the allegations.

3. Responding to Paragraph 3, Defendant denies the allegations.

4. Responding to Paragraph 4, Defendant admits that this Court has subject matter jurisdiction. Except as specifically admitted, Defendant denies the allegations.

5.      Responding to Paragraph 5, Defendant admits that this Court has supplemental jurisdiction. Except as specifically admitted, Defendant denies the allegations.

6.      Responding to Paragraph 6, Defendant admits that this Court has personal jurisdiction over Defendant. Defendant denies all remaining allegations in Paragraph 6.

7.      Responding to Paragraph 7, Defendant admits that venue is proper in the Central District of California and that Defendant is subject to personal jurisdiction in this District. Except as specifically admitted, Defendant denies the allegations.

8.      Responding to Paragraph 8, Defendant lacks sufficient information or belief as to any of the characteristics of Plaintiff or people to whom Plaintiff refers, and based thereon, denies the allegations. Except as specifically admitted, Defendant denies the allegations.

9.      Responding to Paragraph 9, Defendant admits that it is a Delaware corporation with its principal place of business in Alhambra, California, and is registered to do business in California and had done business within the area of the Central District. Defendant also admits that it has restaurants in the State of California and in the area of the Central District. Defendant also admits that it has a website which will speak for itself as to what it offers and states. Except as specifically admitted, Defendant denies the allegations.

10.     Responding to Paragraph 10, Defendant lacks sufficient information or belief as to any of the DOE Defendants, and based thereon, denies the allegations.

11.     Responding to Paragraph 11, Defendant lacks sufficient information or belief as to any of the DOE Defendants or the allegations therein, and based thereon, denies the allegations. Defendant denies the allegations to the extent that Plaintiff alleges any against SHAKEY'S USA, INC.

12.     Responding to Paragraph 10, Defendant admits that restaurants are

public accommodations and that its website may be found at shakeys.com. Except as specifically admitted, Defendant denies the allegations.

13. Responding to Paragraph 13, Defendant denies the allegations.

14. Responding to Paragraph 14, Defendant admits that the Internet has become a significant source of information and a tool for conducting business. Except as specifically admitted, Defendant denies the allegations.

15. Responding to Paragraph 15, Defendant lacks sufficient information or belief, and based thereon, denies the allegations.

16. Responding to Paragraph 16, Defendant lacks sufficient information or belief, and based thereon, denies the allegations.

17. Responding to Paragraph 17, Defendant lacks sufficient information or belief, and based thereon, denies the allegations.

18. Responding to Paragraph 18, Defendant lacks sufficient information or belief, and based thereon, denies the allegations.

19. Responding to Paragraph 19, Defendant lacks sufficient information or belief, and based thereon, denies the allegations.

20. Responding to Paragraph 20, Defendant admits that the website Shakeys.com is available to the public and is the best evidence of what it offers. Except as specifically admitted, Defendant denies the allegations.

21. Responding to Paragraph 21, Defendant denies the allegations.

22. Responding to Paragraph 22, Defendant lacks sufficient information or belief as to any of the characteristics of Plaintiff, and based thereon, denies the allegations. Except as specifically admitted, Defendant denies the allegations.

23. Responding to Paragraph 23, Defendant denies the allegations.

24. Responding to Paragraph 24, Defendant denies the allegations.

25. Responding to Paragraph 25, Defendant denies the allegations.

26. Responding to Paragraph 26, Defendant denies the allegations.

27. Responding to Paragraph 27, Defendant denies the allegations.

28. Responding to Paragraph 28, Defendant denies the allegations.

29. Responding to Paragraph 29, Defendant denies the allegations.

30. Responding to Paragraph 30, Defendant denies the allegations.

31. Responding to Paragraph 31, Defendant denies the allegations.

32. Responding to Paragraph 32, Defendant denies the allegations.

33. Responding to Paragraph 33, Defendant denies the allegations.

34. Responding to Paragraph 34, Defendant denies the allegations.

35. Responding to Paragraph 35, Defendant denies the allegations.

36. Responding to Paragraph 36, Defendant denies the allegations.

37. Responding to Paragraph 37, Defendant incorporates by reference its responses to Paragraphs 1-36, inclusive.

38. Paragraph 38 does not contain a factual allegation and thus Defendant does not respond. Except as expressly admitted, Defendant denies all other allegations in this paragraph.

39. Responding to Paragraph 39, Defendant admits that restaurants are public accommodations and that its website shakeys.com is the best evidence of what it offers. Except as specifically admitted, Defendant denies the allegations.

40. Paragraph 40 does not contain a factual allegation and thus Defendant does not respond. Except as expressly admitted, Defendant denies all other allegations in this paragraph.

41. Paragraph 41 does not contain a factual allegation and thus Defendant does not respond. Except as expressly admitted, Defendant denies all other allegations in this paragraph.

42. Paragraph 42 does not contain a factual allegation and thus Defendant does not respond. Except as expressly admitted, Defendant denies all other allegations in this paragraph.

43. Paragraph 43 does not contain a factual allegation and thus Defendant does not respond. Except as expressly admitted, Defendant denies all other

1 allegations in this paragraph.

2     44.    Paragraph 44 does not contain a factual allegation and thus Defendant does not respond. Except as expressly admitted, Defendant denies all other allegations in this paragraph.

    45.    Responding to Paragraph 45, Defendant incorporates by reference its responses to Paragraphs 1-44, inclusive.

    46.    Paragraph 46 does not contain a factual allegation and thus Defendant does not respond. Except as expressly admitted, Defendant denies all other allegations in this paragraph.

    47.    Responding to Paragraph 47, Defendant denies the allegations.

    48.    Responding to Paragraph 48, Defendant denies the allegations.

    49.    Responding to Paragraph 49, Defendant denies the allegations.

    50.    Responding to Paragraph 50, Defendant denies the allegations.

    51.    Responding to Paragraph 51, Defendant denies the allegations.

    52.    Responding to Paragraph 52, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Defendant asserts against Plaintiff the following separate and distinct affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1. As a first, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, Defendant alleges that the Complaint, and the whole thereof, fails to state a claim upon which relief may be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. As a second, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant alleges that this court does not

Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623

*Gorecki v. Shakey's USA*
27172315v1
- 5 -
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

have jurisdiction over the subject matter of plaintiff's Complaint because, inter alia, plaintiff's claims are moot and he lacks standing.

### THIRD AFFIRMATIVE DEFENSE

3.     As a third, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that plaintiff failed to exercise reasonable care for his own protection against the type of damages and incidents alleged to have occurred in his Complaint, if any, which damages and incidents are denied by this answering Defendant. If any such damage has occurred, it was proximately and legally caused in some proportion, up to and including the whole thereof, by the negligence of the plaintiff, and therefore any award against this answering Defendant, if any, must be reduced according to law and according to the principles of comparative fault.

### FOURTH AFFIRMATIVE DEFENSE

4.     As a fourth, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that, if, in fact, plaintiff sustained any injury or damage of any nature whatsoever by anything done or omitted to be done by this answering Defendant (which supposition is not admitted, but is merely stated for the purpose of this defense) said injury and damage, if any, was proximately caused by the acts of persons other than this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5.     As a fifth, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that plaintiff failed to mitigate his damages, so as to bar and diminish any recovery by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6.     As a sixth, separate and affirmative defense to Plaintiff's Complaint,

*Gorecki v. Shakey's USA*
27172315v1

- 6 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1 and to each claim thereof, this answering Defendant is informed and believes, and
2 upon said information and belief alleges that, without admitting any of the
3 allegations of Plaintiff's Complaint, if this answering Defendant is found liable at
4 the time of trial, then this answering Defendant alleges its fault was not the sole
5 legal or proximate cause of the incidents upon which liability is based or damages
6 awarded, if any, and that, accordingly, damages awarded, if any, must be
7 apportioned according to the respective fault of all parties, persons or entities or
8 their agents, servants and employees, who have contributed to or caused the alleged
9 incidents or damages at the time of trial.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that its liability, if any, for plaintiff's non-economic "general damages" is several only, and not joint, pursuant to California Civil Code Section 1431.2.

### EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant alleges that it acted reasonably to prevent injuries to patrons, and that Defendant's actions were reasonable and prudent under the circumstances which existed at the time and place of the incidents referred to in plaintiff's Complaint.

### NINTH AFFIRMATIVE DEFENSE

9. As a ninth, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant alleges that it acted reasonably to prevent injuries to patrons, and that plaintiff's injuries, if any, were not a result of any fault on the part of this answering Defendant and, in fact, Defendant did not have actual or constructive knowledge of any condition alleged as not being in compliance with any law as alleged by the Complaint as being the cause of

plaintiff's damages.

## TENTH AFFIRMATIVE DEFENSE

10. As a tenth, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant alleges that the Complaint and the whole thereof, fails to contain facts sufficient upon which to base a recovery for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As an eleventh, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief allege that plaintiff has failed to exhaust any and all administrative remedies available to him prior to the filing of this Complaint, and, therefore, is estopped from asserting any claim for relief as alleged in his Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and thereon alleges that, to the extent that any barriers to access by persons with disabilities exist relative to the site, the removal of said barriers is not readily achievable.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a thirteenth, separate and affirmative defense to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and thereon alleges that to the extent that any barriers to access by persons with disabilities existed relative to the site, the removal of such barriers is not required by California law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a fourteenth, separate and affirmative defense, this answering Defendant alleges that the Complaint and the claims therein are barred by all

applicable statutes of limitation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a fifteenth, separate and affirmative defense, this answering Defendant alleges that the plaintiff unreasonably delayed in bringing this action against Defendant and that such delay substantially prejudiced this Defendant. Therefore, this action is barred by laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a sixteenth, separate and affirmative defense, Defendant is informed and believes and thereon alleges that with respect to the matters alleged in the Complaint, plaintiff does not come into court with clean hands and is precluded from recovering on said Complaint by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. As an seventeenth, separate and affirmative defense, Defendant is informed and believes and thereon alleges that the above-referenced Complaint, and each claim therein, is barred by the doctrine of estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. As a eighteenth, separate and affirmative defense, Defendant is informed and believes and thereon alleges that plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission or any other conduct, if any, as set forth in plaintiff's Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a nineteenth, separate and affirmative defense, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available for its benefit. Defendant thereby reserves herein its right to assert additional affirmative defenses in the event discovery indicates that such affirmative defenses would be appropriate.

///

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's Complaint, and each purported cause of action contained therein, is barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's Complaint, and each purported cause of action contained therein, is barred because it is vague, ambiguous and uncertain.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Defendants are not liable for punitive damages because they did not commit any alleged oppressive, willful, fraudulent or malicious acts, or authorize or ratify any such act nor did an officer, director or managing agent of Defendants commit, authorize or ratify or consciously disregard any alleged discrimination of Plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. The imposition of statutory minimum damages in this matter would violate Defendants' Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. The imposition of punitive damages in this matter would violate Defendants' right to due process of law in violation of the California Constitution and the United States Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Defendants reserve their right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are available to them.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff shall take nothing by reason of the Civil Complaint on file herein;

2. That plaintiff's request for injunctive relief be denied;

3. That all causes of action alleged in the Complaint filed herein be dismissed with prejudice;

4. That the Court require Plaintiff to pay Defendant's costs, expenses, and reasonable attorneys' fees incurred in this action;

5. That the Court grant Defendant any further relief that the Court deems just, equitable and proper.

Dated: March 13, 2017         LATHROP & GAGE LLP

By: */s/ Allison S. Wallin*
Beth Schroeder
Allison S. Wallin

Attorneys for Defendant
SHAKEY'S USA, INC., a Delaware corporation

Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623